Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000048
18-MAR-2014
08:48 AM

NO. CAAP-13-0000048

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LMR, Plaintiff-Appellant, v.
JT, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 11-1-80K)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Plaintiff-Appellant LMR appeals from the (1) February 17, 2012 "Order Regarding Temporary Custody"; (2) December 28, 2012 "Findings of Fact, Conclusions of Law; Order Granting Divorce"; and (3) December 28, 2012 "Divorce Decree" all entered in the Family Court of the Third Circuit[1] (**family court**).  The family court's orders awarded sole legal and physical custody of LMR's son (**Minor**), to Defendant-Appellee JT, Minor's mother and LMR's ex-wife.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as

---

[1]  The Honorable Melvin H. Fujino presided.

well as the relevant statutory and case law, we conclude LMR's appeal is without merit.

Hawaii Revised Statutes (**HRS**) § 571-46 (Supp. 2013) provides in relevant part:

> §571-46 **Criteria and procedure in awarding custody and visitation; best interest of the child.** (a) In actions for divorce, separation, annulment, separate maintenance, or any other proceeding where there is at issue a dispute as to the custody of a minor child, the court, during the pendency of the action, at the final hearing, or any time during the minority of the child, may make an order for the custody of the minor child as may seem necessary or proper. In awarding the custody, the court shall be guided by the following standards, considerations, and procedures:
>
> . . . .
>
> (9)  In every proceeding where there is at issue a dispute as to the custody of a child, a determination by the court that family violence has been committed by a parent raises a rebuttable presumption that it is detrimental to the child and not in the best interest of the child to be placed in sole custody, joint legal custody, or joint physical custody with the perpetrator of family violence. In addition to other factors that a court shall consider in a proceeding in which the custody of a child or visitation by a parent is at issue, and in which the court has made a finding of family violence by a parent:
>
> (A)  The court shall consider as the primary factor the safety and well-being of the child and of the parent who is the victim of family violence;
>
> (B)  The court shall consider the perpetrator's history of causing physical harm, bodily injury, or assault or causing reasonable fear of physical harm, bodily injury, or assault to another person; and
>
> (C)  If a parent is absent or relocates because of an act of family violence by the other parent, the absence or relocation shall not be a factor that weighs against the parent in determining custody or visitation[.]

LMR first contends the family court erred by concluding that LMR was "a perpetrator of family violence." Whether LMR's acts constituted family violence presents a mixed question of

2

fact and law that is reviewed under a clearly erroneous standard. See In re Doe, 100 Hawai'i 335, 344, 60 P.3d 285, 294 (2002).

In concluding that LMR was a perpetrator of family violence, the family court relied on testimony from: (1) Alice Berkowitz Ph.D, an expert in the field of custody evaluation and forensic psychology, who "testified that in her opinion [LMR] sexually abused [Minor] on more than one occasion and also physically abused [Minor;]" and (2) Julia Klamon, an expert in marriage and family therapy and child sex abuse, who testified that there was "no indication that [Minor's] disclosures of abuse were implanted or influenced by [JT]." JT, Minor's maternal grandmother, and the parties' former marriage counselor also testified to assessments or incidents concerning LMR's alleged violent and abusive behavior towards JT and Minor. The family court did not reversibly err by concluding that LMR was a perpetrator of family violence.

Second, LMR contends the family court should have granted him custody and/or visitation rights with Minor without conditions. A family court's conclusions regarding a "child's care, custody, and welfare . . . if supported by the record and not clearly erroneous, must stand on appeal." In re Doe, 101 Hawai'i 220, 227, 65 P.3d 167, 174 (2003) (citation, internal quotation marks, and brackets omitted). The family court was required to award custody according to Minor's best interests. See HRS § 571-46(a)(1). Because LMR failed to rebut the presumption that he was a perpetrator of family violence, the family court was required to presume that awarding legal or physical custody to LMR would not be in Minor's best interest. See HRS § 571-46(a)(9). The family court was further prohibited from awarding LMR visitation rights unless it found that adequate provision could be made for the physical safety and psychological well-being of Minor and for the safety of JT. See HRS § 571-

3

46(a)(10). The family court concluded that four material changes in circumstances may warrant revisitation of the issue of LMR's visitation rights, if he: (1) completed a perpetrator intervention program, (2) completed a parenting class, (3) completed therapy for family violence perpetrators, and (4) filed a motion for post-decree relief. The family court did not reversibly err by awarding custody to JT or by imposing the foregoing conditions on revisiting LMR's visitation rights. See HRS § 571-46(a)(10).

Third, LMR contends the family court reversibly erred by refusing to rely on the testimony of Harold Hall, Ph.D (**Dr. Hall**) concerning the results of a violence risk analysis performed on LMR. Dr. Hall testified that he could not "come to any predictions [of LMR's physical or sexual acting out] without the polygraph [test results]." "[T]he results of polygraph tests are inadmissible for any purpose." Doe v. Doe, 120 Hawai'i 149, 176, 202 P.3d 610, 637 (App. 2009). The family court thus appropriately excluded Dr. Hall's testimony regarding his violence risk results because they relied on inadmissible polygraph evidence.

LMR's fourth contention concerns the family court's decision to disallow LMR's witness, CF, to testify at the November 9, 2012 hearing after she had testified on January 11, 2012. LMR appears to contend that CF's second testimony would have rebutted the presumption that he was a perpetrator of family violence. Rezentes v. Rezentes, 88 Hawai'i 200, 208, 965 P.2d 133, 141 (App. 1998) ("[T]he HRS § 571-46[(a)](9) presumption may be rebutted by the introduction of any evidence which would support a finding of the presumption's nonexistence."). LMR alleges CF would have testified to "her current relationship with [LMR], and whether he currently displayed any of the behaviors he had been accused of by [JT] . . . ." The family court found such

4

testimony was irrelevant to the question of whether LMR had earlier abused Minor and JT.

The family court's decision to prohibit CF from testifying at the November 9, 2012 hearing was also supported by the cumulative nature of that testimony because it was substantially similar to that offered on January 11, 2012. See Hawaii Rules of Evidence Rule 403 (1993) (a court may exclude relevant testimony if its "probative value is substantially outweighed" by considerations of the needless presentation of cumulative evidence). We conclude the family court did not abuse its discretion by refusing to permit CF to testify on November 9, 2012.

Therefore,

IT IS HEREBY ORDERED that the (1) February 17, 2012 "Order Regarding Temporary Custody"; (2) December 28, 2012 "Findings of Fact, Conclusions of Law; Order Granting Divorce"; and (3) December 28, 2012 "Divorce Decree" all entered in the Family Court of the Third Circuit are affirmed.

DATED: Honolulu, Hawai'i, March 18, 2014.

On the briefs:

Daniel S. Peters
for Plaintiff-Appellant.

Madeline M. Reed
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

5